UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 19-152-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 22-262-DCR |
| V. | ) | |
| | ) | |
| MICHAEL B. HENSLEY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant Michael Hensley previously filed a motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 46] Magistrate Judge Edward B. Atkins issued a Report and Recommendation ("R&R") on December 29, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that Hensley's motion be denied. [Record No. 56] Neither party filed timely objections to the Magistrate Judge's R&R. The Court then adopted the Magistrate Judge's report in full and denied Hensley's § 2255 motion on January 23, 2023, finding that the defendant had not demonstrated that his trial attorney provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). [Record No. 58]

Hensley has now filed a motion seeking relief from the Judgment dismissing all claims in his § 2255 motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Record No. 59] He requests that the Court set aside the Judgment so that he can submit a reply to the government's response to his motion and file objections to the Magistrate Judge's R&R. [*Id.* at pp. 1-2] Hensley explains that the Court should grant leave to file a reply brief because he never received a copy of the United States' response to his motion. [*Id.* at p. 3] He also alleges

- 1 -

that he was unable to file timely objections to Magistrate Judge Atkins' R&R because, due to delays in processing mail at the institution where he is housed, he did not receive a copy of it until January 24, 2023. [*Id.* at p. 6]  As alternative grounds for his motion, Hensley moves the Court to revise the Judgment in this matter following submission of his reply and objections to the R&R pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [*Id.* at p. 7]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Specifically, courts may reopen a defendant's case under Rule 60(b)(6) for "any other reason that justifies relief." The Rule has an "unquestionably valid role to play in habeas cases," and may be invoked when a defendant "is attempting to reopen his 2255 proceedings so that the merits of his 2255 motion may be determined in the first instance." *Id.* at 534; *United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 930455, at *2 (M.D. Pa. Mar. 9, 2017).  Hensley's motion will be denied because he has not demonstrated a reason justifying the relief he seeks.

The defendant first claims that he should be permitted to file a reply brief because he never received a copy of the government's response to his § 2255 motion, and because he is entitled to file a reply under Rule 5 of the Rules Governing Section 2255 Proceedings. [Record No. 59, p. 7]  The Court first notes that Hensley's contention that he never received a copy of the government's response is called into question by the evidence in the record.  The United States' response includes a certificate of service stating that a copy of the response was mailed to the defendant, and the envelope that Hensley attaches to his instant motion is stamped with a date of November 22, 2022: the same day that the government filed its response with the Court. [*See* Record Nos. 55, p. 16, 59-1.]  Moreover, the defendant has not pointed to any

evidence that the mail system at the institution where he is incarcerated has experienced delays. His bald assertion that he never received the United States' response, without any evidence in support of this claim, is insufficient to justify relief under Rule 60(b).

In any event, Hensley's failure to reply to the United States' response does not warrant reopening his case under Rule 60(b) because he has no right to file a reply brief. Rule 5(e) of the Rules Governing 2255 Proceedings provides that a movant "may submit a reply" when the judge reviewing his § 2255 motion determines that a reply is necessary. And multiple district courts have recognized that ruling on a petitioner's § 2255 motion without considering his reply brief does not violate the petitioner's constitutional right to due process. *See, e.g., Bell v. United States*, No. RDB-12-3042, 2015 WL 4561837, at *3 (D. Md. July 27, 2015) ("[T]he rules governing § 2255 motions suggest that reply briefs are permitted but not required, and Petitioner has not identified any source of law to support his contention that disposition without a reply constitutes a due process violation."). Because Magistrate Judge Atkins had previously determined that no reply was needed after initially reviewing Hensley's § 2255 motion, ruling on the motion without considering a reply was proper. [*See* Record No. 50.]

Moreover, even if Hensley had demonstrated that the Court should take another look at his case, he has not raised any substantive arguments in his motion that would justify disturbing this Court's prior Judgment. His failure to mention any arguments that he would raise in reply to the government's response further weighs against granting his motion for relief.

Similarly, the defendant has not demonstrated that his failure to file objections to the Magistrate Judge's R&R warrants reopening his case. A party may file written objections to a magistrate judge's proposed findings and recommendations "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). The defendant claims that he did not

receive a copy of Magistrate Judge Atkins' R&R until January 24, 2023, but he has not provided any evidence in support of his assertion. He attached an envelope to his motion that includes the handwritten phrase "received January 24, 2023," but without further verifying the date listed on the envelope or confirming that the envelope contained a copy of the Magistrate Judge's R&R, that evidence alone is insufficient.

And even if Hensley had demonstrated that he was prohibited from filing timely objections due to mail processing delays, that fact would not warrant reopening his case because considering the defendant's objections would not affect the Judgment. "A district court's failure to consider timely objections before adopting a magistrate judge's R&R is a reversible error only when a movant suffers prejudice." *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (citation omitted). The defendant cannot show that he suffered prejudice here due to his failure to file objections because the Court conducted a thorough review of the Magistrate Judge's R&R in ruling on his § 2255 motion. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). And like with his request to file a reply brief, Hensley has not identified any substantive objections to the Magistrate Judge's R&R that the Court could consider in determining whether to reopen his case.

Finally, the defendant's claim that he is entitled to relief under Rule 54(b) of the Federal Rules of Civil Procedure lacks merit. Rule 54(b) applies only to a "Judgment on Multiple Claims or Involving Multiple Parties," as Hensley himself recognizes in his motion. [*See* Record No. 59, p. 7.] Because the Judgment entered in Hensley's case adjudicated all the claims in his § 2255 motion, Rule 54(b) is inapplicable.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Michael Hensley's motion for relief from Judgment [Record No. 59] is **DENIED**.

Dated: February 15, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky